[No. 48719-7.   En Banc.   February 24, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES LEROY BARR, *Appellant.*

*Ernest L. Nicholson* and *Weber, Baumgartner, Gunn, Hansen & Henderson, P.S.,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Darvin J. Zimmerman, Deputy,* for respondent.

CUNNINGHAM, J.*—This case comes before us on certification from Division Two of the Court of Appeals. Appellant Charles Barr seeks review of a trial court order conditioning appellant's probation on restitution to the wife and child of his victim. We affirm.

On July 12, 1980, defendant Charles Barr made a left-hand turn in front of a motorcycle. The driver of the motorcycle, Donald Howe, died from injuries suffered in this accident. His wife, Diane Howe, riding as a passenger, sustained serious injuries, including a compound fracture of the femur, a cracked collarbone, and a closed skull fracture. As a result of this accident, Diane Howe incurred $33,000 in medical expenses and suffered permanent disabilities.

Following the accident a Breathalyzer test revealed that Mr. Barr had a blood alcohol content of .20 percent. Mr. Barr pleaded guilty to one charge of violating RCW 46.61-.520—the negligent homicide statute. The court ordered that Mr. Barr be placed on probation, serve 180 days in county jail and participate in an alcohol treatment program. In addition, Mr. Barr's probation was conditioned on his paying restitution to Diane Howe and to Dawn Howe, the deceased's minor child by a former marriage. Dawn was living with her mother at the time of the accident but Donald paid $100 a month under the terms of a dissolution decree towards her support. The order required that Mr. Barr pay Diane Howe $200 a month for 5 years. Pursuant to the same order, Dawn Howe is to receive $100 a month for the period of probation or until the support would have

---

*Judge D. J. Cunningham is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amend. 38).

terminated under the dissolution decree. Defendant Barr appeals only those terms relating to his payment of restitution. Division Two of the Court of Appeals certified the appeal to this court on the following issue:

> Whether a person convicted of negligent homicide may, as a condition of probation under RCW 9.95.210, be required to pay restitution to the spouse and minor child of the victim.

We hold that the trial court's actions were authorized by RCW 9.95.210. This result is most consistent with the language and purpose of RCW 9.95.210. For this reason and others discussed below, we affirm.

RCW 9.95.210 outlines the conditions a court may impose on probation. The trial judge acted in this case pursuant to the authority granted in RCW 9.95.210(2).

> The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . .

The defendant argues that RCW 9.95.210(2) should be read narrowly so as to apply only to the victim of the crime. In a negligent homicide action, the defendant urges, the victim of a crime is the person who is killed. Therefore, he concludes, an order of restitution to such collateral victims as Diane and Dawn Howe is not authorized by this statute. To support his reading of the statute, defendant relies on the case of *State v. Eilts*, 94 Wn.2d 489, 617 P.2d 993 (1980). In *Eilts* the trial court ordered restitution to 87 separate investors whom the defendant had defrauded. The State had charged and proven fraud as to only 7 investors. This court affirmed the Court of Appeals reversal of the probation order. The court held that the order was invalid because it granted restitution to individuals who were not victims of the seven charged counts. In reaching this conclusion, the court focused on language in RCW 9.95.210(2) that limits "'restitution to any person or persons who may

have suffered loss or damage by reason of the commission of *the crime in question*". *Eilts,* at 492 n.2. The court read *the crime in question* phrase as authorizing restitution "*only for the specific crime or crimes of which a defendant is charged and convicted.*" (Italics ours.) *Eilts,* at 494 n.3.

■■ Defendant's reliance on *Eilts* is misplaced. The trial court's order of restitution to Diane and Dawn Howe was not based on their status as victims of uncharged crimes but rather as persons who suffered loss or damage because of Donald Howe's death. The trial court recognized the rule in *Eilts* but distinguished the case as follows:

> *State v. Eilts,* [*supra*] is distinguishable from the case at bar. *Eilts* involved a series of criminal acts, each said act generating loss to different victims, and the defendant having been charged and convicted of only a portion of said criminal acts. In the case at bar, the defendant committed and was convicted of only one criminal act which generated loss to more than one victim. Therefore, the ruling of *Eilts* does not apply in the case at bar to eliminate persons other than the deceased, DONALD HOWE, as victims of the crime in question.

Clerk's Papers, at 30–31. The broad language of RCW 9.95-.210(2) allows this interpretation. Furthermore, this interpretation of the statute is most consistent with recent legislative changes in the area. The changes broaden a court's authority to order restitution. RCW 9.95.210(2) now states that a court may require such monetary payments as are necessary

> to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement[.]

Laws of 1982, 1st Ex. Sess., ch. 47, § 10, p. 1325. The language of the new statute effectively overrules our decision in *Eilts*. Although the amendment does not govern this case, it clearly indicates the Legislature's intent that this

statute be interpreted broadly to allow restitution.

■ Appellant argues, however, that a restrictive reading of the statute is necessary because criminal proceedings are inappropriate forums for determining civil damages. This argument has merit but is not persuasive here, since the trial judge's order is not an award of civil damages. Appellant errs by misinterpreting the purpose of restitution. Restitution, as a condition of probation, is primarily a rehabilitative tool. *See, e.g.*, Siegel, *Court Ordered Victim-Restitution: An Overview of Theory and Action,* 5 New Eng. J. Prison L. 135, 138–41 (1979); Best & Birzon, *Conditions of Probation: An Analysis,* 51 Geo. L.J. 809, 827–28 (1963). These commentators suggest that restitution increases the defendant's self-awareness and sense of control over his/her own life. *See* Siegel, at 139. Furthermore, the use of restitution has met with some success in reducing recidivism. *See* B. Galaway & J. Hudson, *Offender Restitution in Theory and Action* (1977). One study reveals a significantly smaller recidivism rate for those involved in restitution programs as opposed to incarceration. *See* B. Galaway & J. Hudson, at 155. Appellant's arguments ignore this aspect of restitution in favor of the view that restitution compensates the victim. Though partial compensation may be a concomitant result of restitution, it is not the primary purpose of such an order.

In addition, the restitution ordered here does not preempt the defendant's right to a civil determination of liability and damages. The $12,000 that Barr must pay represents less than one-half of Diane's current medical expenses. It does not include any amount for loss of wages, pain and suffering, or future medicals. Under these circumstances, a civil trial would still be necessary to determine the extent of Diane's damages and Mr. Barr's liability.

Furthermore, the trial court's order of restitution best serves the rehabilitative goals suggested by commentators. By requiring payment to the wife and child of Mr. Howe, the trial judge reemphasized that Mr. Barr's criminal act has consequences above and beyond the death of one man.

In that the trial judge based the amount of restitution on Mr. Barr's ability to pay, we find the procedures followed by the trial judge to be adequate protection of Mr. Barr's due process rights. We observe that the same due process considerations require that the trial judge take into account changes in the defendant's financial condition when revoking probation. Should Mr. Barr's financial position change so as to prevent him from meeting the restitution payments as ordered, the trial judge should modify his order to reflect this fact.

Finally, we observe that the trial court's order was authorized by prior decisions from this court and the Court of Appeals. *See State v. Morgan,* 8 Wn. App. 189, 504 P.2d 1195 (1973) ($1,500 for pain and suffering of assault victim); *State v. Gunderson,* 74 Wn.2d 226, 444 P.2d 156 (1968) (payment of $7,500 to parents of victim of negligent homicide).

With the limitation discussed above, we conclude that the trial court's order serves legitimate legislative goals and is authorized by this statute.

We therefore affirm.

WILLIAMS, C.J., and STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.