[No. 11357–7–I.   Division One.   August 8, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. BERYL
BEDKER, *Petitioner*.

*Douglas J. Smith*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Margery Hite* and *Carol Hepburn, Deputies*, for respondent.

ANDERSEN, C.J.—

### FACTS OF CASE

This contractors' registration act case is before us pursuant to our grant of discretionary review.

The defendant, Beryl Bedker, was found guilty in Seattle District Court of a misdemeanor for violating a provision of the contractors' registration act. As the district court judge characterized the complaint, it alleged "that during the period of time intervening between the 18th of May, 1980, and the 25th of June, 1980, the defendant did perform work as a contractor for [the victim] without having a certificate of registration issued by the Washington State Department of Labor & Industries contrary to RCW 18.27-.020."

The case was then appealed to the Superior Court under the provisions of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). The Superior Court affirmed that decision and we, in turn, granted the defendant's motion for discretionary review. RAP 2.3; RAP 6.2.

Inasmuch as this case is one which "involves an issue of public interest which should be determined by an appellate court", RAP 2.3(d)(3), it is an appropriate decision for discretionary review.

The facts of the case will be further dealt with in our discussion of the issue presented.

## ISSUE

Was sentencing error committed when the defendant, who was convicted of violating a penal section of the contractors' registration act, was given probation conditioned on paying the sum of $1,473 to the person for whom she had done work on a construction job which the trial court characterized as "terrible" construction work?

## DECISION

CONCLUSION. In granting probation to a defendant convicted of doing contracting work without a contractor's registration certificate in violation of RCW 18.27.020(1), the sentencing court could properly condition probation on the defendant making monetary restitution to a victim who suffered loss or damage by reason of the commission of the offense charged where the record is clear that the sum to be paid constitutes restitution for the crime and is not in

effect a determination and award of civil damages.

This state's contractors' registration act, RCW 18.27, contains civil sanctions often used, but also contains the following penal sanction:

> It shall be unlawful for any person to submit any bid or do any work as a contractor until such person shall have been issued a certificate of registration by the state department of labor and industries.

RCW 18.27.020(1) (part). It is this statute that the defendant was found guilty of violating.

Restitution is generally recognized as a valid condition of probation. It is so denominated by statute in this state:

> The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . .

RCW 9.95.210 (part).

█ The defendant argues, however, that "the damages suffered by the Sabbatinis was not by reason, or a consequence, of [the defendant's] failure to register as a contractor." Brief of Appellant, at 7. In our view, the crux of this aspect of the matter is whether Mr. Sabbatini, to whom restitution was ordered paid, was in fact a person who "suffered loss or damage by reason of the commission of the crime in question" as referred to by RCW 9.95.210(2), the statute just quoted. In order to ascertain this, recourse must be had to the facts of the case at bench. The facts of the case, in turn, must be considered in light of the purpose for which the contractors' registration act was passed. As the Legislature which enacted this legislation clearly informed us, it was "to afford protection to the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140.

Viewing it then from that perspective, the defendant in this case had previously been registered under the contractors' registration act and had been bonded as required by

the act. The defendant's bond was canceled by her bonding company, however, because of the number of claims made and the refusal of the defendant to contact her bonding company, as requested by the company, to try to clear up the matter. When the defendant failed to remedy the situation, her registration was ultimately suspended by the State. Had the defendant been bonded, the Sabbatinis would have had recourse against her bond for "all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business." RCW 18.27.040. Mr. Sabbatini was without this recourse, however, because of the defendant's failure to maintain her registration as required by law, including the registration requirement of being bonded.

As shown by the record and testimony, Mr. Sabbatini was victimized by an unregistered, unbonded contractor, the precise event which was the basis for the charge being filed against the contractor and on which charge the contractor was convicted. Mr. Sabbatini was, therefore, a person who "suffered loss or damage by reason of the commission of the crime in question" and the restitution ordered by the court did relate to the specific crime with which the defendant was charged and convicted as required. *State v. Eilts,* 94 Wn.2d 489, 493–94, 617 P.2d 993 (1980).

The defendant also takes the position that the sum she was ordered to pay Mr. Sabbatini was not "restitution" but instead amounted to an improper determination and award of civil damages in a criminal case.

The power to impose restitution is, of course, not unlimited. As the Supreme Court of California aptly observed,

A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.

*People v. Richards,* 17 Cal. 3d 614, 620, 552 P.2d 97, 101, 131 Cal. Rptr. 537 (1976), *quoted with approval by this court in State v. Eilts,* 23 Wn. App. 39, 46, 596 P.2d 1050 (1979), *aff'd,* 94 Wn.2d 489, 617 P.2d 993 (1980). *See also State v. Barr,* 99 Wn.2d 75, 79, 658 P.2d 1247 (1983).

Again, recourse must be had to the facts of the case before us. We are satisfied that the record does establish that the sum awarded was in fact restitution and not a determination and award of civil damages. The judge before whom the case was tried in Seattle District Court heard, without objection, testimony on the subject of restitution and the amount thereof. He then proceeded to rule:

> As I told you, I did visit the scene yesterday with both attorneys. I thought the condition of the driveway was deplorable; it was cracked and coming apart. I thought it was unsafe; moving around the house. Obviously just dumped there and the cement truck cracked the driveway. Doing that, it completely destroyed Sabbatini's front wall, which was basically placed back together again. The wall is just kind of sitting there. We looked at that; the porch is certainly too narrow; you can't put a rail in that on there. The porch is obviously dangerous in that the steps fold in and water will collect. Overall I find the construction quality to be extremely poor, terrible.

The judge's oral decision concerning the subject of restitution also included the following:

> THE COURT: All right. I'll sentence the defendant to 90 days in the County Jail, 80 of those days will be suspended; she'll serve 10 days, a fine of $500, all of which will be suspended, I'll set the restitution at $1,473. I do not see any other reason in this case to see Mr. Sabbatini as anything other than a victim to be entitled to collect money in a criminal court as a victim. I consider him to be the victim in this case even though the charge is failure to register as a contractor; he is entitled to this money. Obviously it will cost at least that much to make that job safe. Safety, I'm talking about safety. I'm not even talking about aesthetics, I'm talking about simple safety. If I were Mr. Sabbatini, I wouldn't even use the front stairs until they were fixed. Someone could fall

down the stairs and break their neck. I'll assess court costs, the defendant will immediately desist all representations to the public that she is a contractor which includes any farming out of work, until such time as she is properly licensed and bonded. She will be on active probation for the entire period of time.

. . .

. . . I will make a factual finding that the work was performed very poorly and at an absolute minimum would cost $1,473 to place his residence back in marginally safe condition—not even talking about the aesthetics. . . . Mr. Sabbatini should be compensated as soon as possible because that residence is not safe. He needs to have that work done that makes it safe.

Thus, in determining the amount of restitution to be ordered, the concern of the sentencing judge was obviously to rectify the defendant's shoddy construction work to the extent it would no longer constitute a safety hazard to the Sabbatini household. By so doing, the trial court reasonably calculated the amount of restitution necessary to make the victim whole to the extent reasonably possible. This was proper. *In re Brian S.,* 130 Cal. App. 3d 523, 531, 181 Cal. Rptr. 778, 781 (1982); *Commonwealth v. Fuqua,* 267 Pa. Super. 504, 407 A.2d 24, 26 (1979); *State v. Lack,* 98 N.M. 500, 650 P.2d 22, 27–28 (Ct. App. 1982); *State v. Harris,* 70 N.J. 586, 362 A.2d 32, 35 (1976). *See also State v. Morgan,* 8 Wn. App. 189, 190–91, 504 P.2d 1195 (1973); *State v. Rogers,* 30 Wn. App. 653, 656–58, 638 P.2d 89 (1981). It did not purport to be, and was not, an award of all the elements of damage flowing to the Sabbatinis from the defendant's actions, the determination of which would require a civil lawsuit.

We conclude here, as the State Supreme Court did in *Barr,* that "the trial judge's order [was] not an award of civil damages" and that "[t]hough partial compensation may be a concomitant result of restitution, it is not the primary purpose of such an order." *Barr,* at 79. The trial court's order similarly met the requirements of the law

including the principle that probation serve as a rehabilitative tool for the offender. *See Eilts,* 94 Wn.2d at 493–94; *Barr,* at 79.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.