[No. 11851-0-I.  Division One.  January 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDALL O. BARNETT, *Appellant.*

*Michael Filipovic* and *Janet Ainsworth* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David R. Chappel* and *Alan S. Paja, Deputies,* for respondent.

SWANSON, J.—Randall O. Barnett appeals an order which directs him to pay restitution to the victims' insurers. We affirm.

Barnett pleaded guilty to two counts of second degree burglary and was sentenced to 10 years on each count. The trial court suspended the sentence "pursuant to the provisions of RCW 9.92.060 upon the following terms and conditions: . . . (7) the Defendant shall pay restitution as to be determined by this court . . ." Barnett was later ordered to pay restitution to the victims of the burglaries and to the victims' insurers who had partially reimbursed the victims.

The sole issue presented is whether the trial court erred in ordering Barnett to pay restitution to the victims' insurers.

There are two statutory provisions which must be considered in resolving this issue. Under the suspended sentence statute found in RCW 9.92.060, the trial court may require the convicted person as a condition of suspending a sentence:

> (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . .

Under the restitution statute found in former RCW 9A.20-.030, the trial court as an alternative to a fine may order a defendant to pay restitution to the victim:

> (1) If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime. Such amount may be used to provide restitution to the victim at the order of the court.

Here, the judgment suspends sentence pursuant to RCW 9.92.060 and includes restitution as one of the "terms and conditions" of suspending the sentence. It is, therefore, clear that the order of restitution was entered pursuant to RCW 9.92.060.

Barnett contends that RCW 9.92.060, the suspended sentence statute, is limited by RCW 9A.20.030, the restitution statute. We disagree. RCW 9.92.060 provides a remedy to the injured party, and like the probation statute, RCW 9.95.210, which has identical restitution language, the suspended sentence statute is remedial rather than penal. *See State v. Barr*, 99 Wn.2d 75, 658 P.2d 1247 (1983); *State v. Eilts*, 94 Wn.2d 489, 494 n.3, 617 P.2d 993 (1980). RCW 9A.20.030 is, on the other hand, "an additional *sentencing* option." (Italics ours.) *In re Gardner*, 94 Wn.2d 504, 506, 617 P.2d 1001 (1980). It is a penal statute, providing for an order of restitution in lieu of a fine, with the amount statutorily limited. The two statutes serve different functions and do not limit each other. *See also State v. Moreau*, 35 Wn. App. 688, 669 P.2d 483 (1983).

Under RCW 9.92.060, the trial court has the discretion to order restitution be paid to "any person or persons who may have suffered loss or damage". For purposes of this statute, corporations are persons. RCW 9A.04-.110(17). Giving the word "damage" its ordinary and usually accepted meaning, we hold that insurance companies are damaged when they are required to pay claims because of crimes such as burglary. Further, insurance companies which pay claims to an insured because of loss suffered from burglary or theft can be said to have suffered a loss under the principles of subrogation. "[T]he insurer as subrogee, in contemplation of law, stands in the place of the insured . . ." 44 Am. Jur. 2d *Insurance* § 1795, at 786 (2d ed. 1982). Accordingly, we hold that the trial court had the discretion under RCW 9.92.060 to order restitution be paid to the victims' insurers.

Our holding here does not conflict with *State v. Theroff*, 33 Wn. App. 741, 657 P.2d 800 (1983), where the court

reversed a sentence which ordered the probationer to pay money to a charity. Because the charity suffered no loss or damage as the result of the crime, the order was beyond the court's power.

In exercising its discretion in ordering restitution the trial court should consider the circumstances of each case and attempt to fashion a sentence to serve the goals of protecting society, deterrence, and the "rehabilitation of the defendant so that he or she can resume a productive role in the community." *State v. Hall,* 35 Wn. App. 302, 306, 666 P.2d 930 (1983). Ordering a defendant to make restitution to a victim's insurer is consistent with these goals. "[R]estitution increases the defendant's self–awareness and sense of control over his/her own life. Furthermore, the use of restitution has met with some success in reducing recidivism." (Citation omitted.) *State v. Barr, supra* at 79.

We recognize that the criminal process should not be used simply as a means to enforce civil claims. *State v. Barr, supra. State v. Bedker,* 35 Wn. App. 490, 667 P.2d 1113 (1983). However, a defendant should not profit simply because the victim had the foresight to contract with a third party for full or partial protection for any loss or damage caused by criminal behavior. The record here clearly demonstrates that the trial court in ordering restitution to the victims' insurers did not abuse its discretion. The trial court stated in part:

> I hope [the victims] understand that my primary obligation is to do what I think I can to prevent future crime in the community, but it is secondary to that to do what I can to help the victims, but I do have an interest and as a part of the punishment and part of what I think is right, I think the Court has an obligation to try to make the victims full to the extent possible.

Affirmed.

SCHOLFIELD, J., concurs.

RINGOLD, J. (concurring in the result)—Without regard

to whether the trial court's authority to require restitution as a condition of probation derives from the statutes discussed, *see State v. Hall,* 35 Wn. App. 302, 666 P.2d 930 (1983) (Ringold, J., concurring) and *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984) (Ringold, J., addendum), I concur in the result. The trial court properly exercised its discretion.

Review denied by Supreme Court April 6, 1984.