[Nos. 46346-2-I; 46347-1-I. Division One. July 30, 2001.]

THE STATE OF WASHINGTON, *Appellant*, v. A.M.R.,[†] *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. T.J.Z.,[†] *Respondent*.

---

[†] The respondents herein are juveniles and they will be referenced by their respective initials, A.M.R. and T.J.Z.

10

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Summers* and *Robin E. Fox, Deputies*, for appellant.

*Elaine L. Winters* (of *Washington Appellate Project*), for respondents.

PER CURIAM — The Juvenile Justice Act of 1977 requires that juvenile courts order restitution to any persons suffering loss or damage as a result of the offense committed by a juvenile respondent. Restitution is part of the sentence for a criminal act, and an insurer of the primary victim is entitled to restitution. A trial court's refusal to order restitution covering the loss of the insurance company is an abuse of discretion.

## FACTS

In these consolidated cases, the State appeals from the juvenile court's denial of restitution to the insurance companies of the primary victims. The juvenile respondents

pleaded guilty to crimes resulting in damages to vehicles owned by victims who were insured. At the respective hearings, the State provided documentation to the juvenile court of the losses to the vehicle owners and to their insurance companies.[1] The State sought restitution to the victims and to their insurance companies. Over objection,[2] the trial court refused to order restitution to the insurance companies, citing general juvenile court "practice" that it would order only the out-of-pocket expenses to the primary victims.[3]

## DISCUSSION

■■ Initially, counsel for the juveniles claim the State may not appeal from a juvenile restitution order, as those orders are not set forth in RAP 2.2(b) listing what superior court decisions may be appealed. Although not a model of clarity, RAP 2.2(b)(6) does grant the State an appeal of sentences in criminal cases where the State alleges a

---

[1] That documentation was not provided to this court.

[2] It is evident from the transcript of the hearing in A.M.R.'s case that counsel did raise the issue and object to the ruling at the restitution hearing.

[3] The dispositional court stated at A.M.R.'s restitution hearing:

> [I]t's clear from the law that the Court is, uh, em—is empowered to impose the full amount. The Court is also, uh, empowered to take account of the ability of the juvenile to pay for the amount. And that on that basis I am going to order the out-of-pocket costs of $100.

The trial court denied the additional loss paid by the insurance company.

At T.J.Z.'s restitution hearing a few days later, the same issue arose before the same trial judge. There, the deputy prosecutor again objected to the trial court's limiting restitution to the amount of out-of-pocket costs to the primary victim and argued that the court's recollection that the court could take into account the ability of the juvenile to pay for the full amount had been repealed, and that full restitution was made mandatory by the changes to RCW 13.40.190(1) effective as of July 1, 1997. After hearing this argument, the dispositional court stated:

> I want to be consistent with my fellow judges, and it's my impression that judges in this level are consistently doing out-of-pocket, but I think your point—I can't ignore your point.

The court then went on to order restitution in the amount of the out-of-pocket costs to the primary victim only, denying any restitution to the insurance company.

miscalculation occurs in determining the standard range.[4] The disposition of a juvenile offender is appealable in the same manner as criminal cases.[5] As further noted below, restitution is part of a criminal sentence, especially in juvenile cases.

 The authority to impose restitution is found in RCW 13.40.190, which mandates that a court order a juvenile offender "to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent."[6] Further, where justice demands, as here, we will not determine cases or issues solely on the basis of compliance or noncompliance with the rules.[7] This court will review the trial court's alleged abuse of discretion in *failing* to award the full amount of restitution because the statute requires the juvenile court to perform an act it is apparently refusing to perform.

 Unlike the Sentencing Reform Act of 1981 (SRA), one of the specifically enumerated aims of the Juvenile Justice Act of 1977 (JJA) is to provide for restitution to crime victims.[8] Courts have specifically held that the pur-

---

[4] RAP 2.2(b) states in pertinent part:

[T]he State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

. . . .

(6) *Sentence in Criminal Case.* A sentence in a criminal case which is outside the standard range for the offense or which the state or local government believes involves a miscalculation of the standard range.

[5] *State v. J.W.*, 84 Wn. App. 808, 811, 929 P.2d 1197 (1997).

[6] RCW 13.40.190 sets forth in part:

(1) In its dispositional order, the court *shall* require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent.

(Emphasis added.)

[7] RAP 1.2(a).

[8] *State v. Bennett*, 92 Wn. App. 637, 640-41, 963 P.2d 212 (1998) (citing *State v. Hartke*, 89 Wn. App. 143, 146-47, 948 P.2d 402 (1997) and RCW 13.40.010(2)(h); *State v. Rice*, 98 Wn.2d 384, 392, 655 P.2d 1145 (1982) (different purposes of juvenile and adult systems illustrated by comparing statements of legislative purpose in SRA with those in JJA)).

poses of juvenile restitution are victim compensation and offender accountability.[9] The JJA is liberally construed in favor of imposing restitution.[10]

As noted above, RCW 13.40.190(1) requires that juvenile courts order restitution to any person suffering loss or damage as a result of the offense committed.[11] While "person" and "victim" are not defined in the statute, courts have construed those terms to include artificial persons, such as insurance companies, cities, and the Department of Social and Health Services.[12]

The juvenile court may exercise discretion when determining the proper amount, and the terms and conditions of the order.[13] And prior to the 1997 amendment to RCW 13.40.190, if the juvenile respondent could prove that he or she did not have the means to make full or partial restitution and could not reasonably acquire the means to pay over a 10-year period, the juvenile court had discretion to *limit* the amount of restitution or not to order restitution at all. But the 1997 amendment eliminated that discretion.[14] Since the amendment, juvenile courts have been required to order full restitution.[15]

Transcripts of the record in these cases show that the State provided documentation and requests from the two

---

[9] *Bennett*, 92 Wn. App. at 641.

[10] *State v. Sanchez*, 73 Wn. App. 486, 489, 869 P.2d 1133 (1994).

[11] *See also Sanchez*, 73 Wn. App. at 488.

[12] *Sanchez*, 73 Wn. App. at 489.

[13] *State v. Bennett*, 63 Wn. App. 530, 532, 821 P.2d 499 (1991).

[14] In 1997, the Legislature deleted the following language from RCW 13.40.190(1):

The court may not require the respondent to pay full or partial restitution if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution and could not reasonably acquire the means to pay such restitution over a ten-year period.

Former RCW 13.40.190(1) (1996).

[15] At the time of the 1977 amendment, the Legislature also expanded the juvenile court's jurisdiction for restitution matters to 10 years from the respondent's 18th birthday, and that prior to the expiration of the 10-year period the court may extend jurisdiction for restitution for an additional 10 years.

insurance companies involved in the claims as a result of the offenses. Despite being apprised of the law, the court ignored the mandatory nature of the statute and imposed only the out-of-pocket loss to the insured victim. The juvenile court abused its discretion in that regard. Refusal to consider these losses undermines the purposes of the JJA and fails to serve its goals.

We reverse and remand for entry of a restitution order subject to proof of the losses incurred.

Reconsideration denied September 28, 2001.

Review granted at 145 Wn.2d 1033 (2002).