[Nos. 46983-5-I; 46984-3-I. Division One. October 29, 2001.]

THE STATE OF WASHINGTON, *Appellant*, v. A.M.,[†] *Respondent*.

---

[†] The respondent herein is a juvenile and will be referenced by his initials, A.M.

*Norm Maleng, Prosecuting Attorney,* and *David M. Seaver, Deputy,* for appellant.

*Sharon J. Blackford* (of *Washington Appellate Project*), for respondent.

BECKER, A.C.J. — A statute requires the trial court to impose one victim penalty assessment per case or count as part of a juvenile disposition. RCW 7.68.035. We hold the State is entitled to appeal an order imposing the wrong number of victim penalty assessments. Because the trial court imposed only one victim penalty assessment, instead of three, for three separate cases, the order of disposition is reversed.

The State charged A.M., a juvenile, with four separate offenses: Taking a Motor Vehicle Without Permission, Assault 4, and two counts of Robbery 2. The court dismissed

one charge of Robbery 2. The juvenile pleaded guilty to the three remaining charges. At the sentencing hearing, after deciding to consolidate the cases, the court imposed only one victim penalty assessment of $100, instead of three. The State objected and now appeals.

█ The juvenile argues that a victim penalty assessment in a juvenile disposition is not an order the State is allowed to appeal, and the State in any event is not a "person" who may appeal a disposition order under RCW 13.04.033(1). Similar arguments were rejected in *State v. A.M.R.*, 108 Wn. App. 9, 27 P.3d 678 (2001). RAP 2.2(b) allows the State to appeal juvenile restitution orders. *A.M.R.*, 108 Wn. App. at 11-12. The statute requiring imposition of victim penalty assessments as part of a juvenile disposition order, RCW 7.68.035(1)(b), is analogous to the restitution statute discussed in *A.M.R.* RCW 13.40.190(1); *A.M.R.*, 108 Wn. App. at 12. Following *A.M.R.*, we hold that a trial court's failure to follow the mandate of the victim penalty assessment statute is appealable under RAP 2.2(b).

█ The word "person" includes artificial persons, such as the State, in a statute that mandates restitution to persons suffering loss or damage. *A.M.R.*, 108 Wn. App. at 13. The statute that gives the right to appeal an order of disposition provides that any "person aggrieved by a final order of the court may appeal the order." RCW 13.04.033(1). Following *A.M.R.*, we conclude the State is a "person" who may be aggrieved by a final order. The State has standing to bring this appeal.

█ The State contends that the juvenile court erroneously entered one victim penalty assessment where A.M. had pleaded guilty to three separate charges that were maintained as separate cases. The statute at issue imposes a mandatory duty on the trial judge to impose a victim penalty assessment for each case or cause of action:

> When any juvenile is adjudicated of any offense in any juvenile offense disposition . . . there shall be imposed upon the

juvenile offender a penalty assessment. *The assessment . . . shall be one hundred dollars for each case or cause of action* that includes one or more adjudications for a felony or gross misdemeanor . . . .

RCW 7.68.035(1)(b) (emphasis added); *see State v. Q.D.*, 102 Wn.2d 19, 29, 685 P.2d 557 (1984) (RCW 7.68.035 applies to juvenile proceedings and the application is not discretionary).

Where the language of a statute is clear on its face, courts must give effect to its plain meaning. *State v. Chapman*, 140 Wn.2d 436, 450, 998 P.2d 282 (2000). The word "shall" imposes a mandatory duty. *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n*, 123 Wn.2d 621, 629, 869 P.2d 1034 (1994). A.M. does not dispute that the statute imposes a mandatory duty on the juvenile court to order an assessment for each case or cause of action.

Here, the juvenile court was sentencing A.M. for three unrelated charges, brought under separate cause numbers. The court erred in failing to impose three victim penalty assessments.

The judgment is reversed and the case remanded for entry of a victim penalty assessment for every case or count.

COLEMAN and WEBSTER, JJ., concur.