[No. 20362-0-III. Division Three. May 2, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. DEAN CHARLES CLAYPOOL, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Susan M. Gasch*, for respondent.

SWEENEY, J. — Interest on financial obligations arising from a defendant's judgment and sentence begins to accrue on the date judgment is entered. RCW 10.82.090. Here, the trial court imposed financial obligations on Dean Claypool after he pleaded guilty to second degree assault. But the court deferred the accrual of interest until his release from custody. We reverse because the statute's mandate is clear.

The trial court, therefore, lacked the authority to defer the accrual of interest.

## FACTS

Dean Claypool pleaded guilty to second degree assault as part of a plea agreement. The trial court accepted his plea. The judgment and sentence ordered Mr. Claypool to pay various financial obligations, including restitution. The court ordered that the interest on his financial obligations would not begin to accrue until Mr. Claypool's release from custody. The State objected to any deferment in the accrual of interest.

## ANALYSIS

The State argues that the Legislature has expressly stated interest on financial obligations ordered in criminal prosecutions shall accrue from the date of judgment. RCW 10.82.090. It contends that trial courts have no discretion to change this time frame. Mr. Claypool responds that the trial court was within its discretion to defer the accrual of interest.

■■ We interpret statutes to advance the legislative purpose. *State v. Sullivan*, 143 Wn.2d 162, 174-75, 19 P.3d 1012 (2001); *State v. Tejada*, 93 Wn. App. 907, 911, 971 P.2d 79 (1999). "When a statute is unambiguous, it is not subject to judicial construction and its meaning must be derived from the plain language of the statute alone." *Sullivan*, 143 Wn.2d at 175.[1]

■ Here, the relevant statute reads: "Financial obligations imposed in a judgment *shall bear interest from the*

---

[1] " 'It is only where the language is of doubtful meaning, or where an adherence to the strict letter of the statute would lead to absurd or incongruous results, or would make one part of the statute contradictory of another part, or where it is plain from the entire context and evident purpose of the statute that the language used on a particular matter did not express the legislative intent thereon, that the courts will depart from the literal wording.' " *State v. Olson*, 31 Wn. App. 403, 406-07, 642 P.2d 410 (1982) (quoting *In re Estate of Sherwood*, 122 Wash. 648, 656, 211 P. 734 (1922)).

*date of the judgment* until payment, at the rate applicable to civil judgments." RCW 10.82.090 (emphasis added). "Shall" imposes a mandatory duty. *State v. A.M.*, 109 Wn. App. 325, 328, 36 P.3d 552 (2001).

■ The statute is not ambiguous. It does not provide for any discretion as to when the interest begins to accrue. And the deferral of interest is inconsistent with other statutes that contemplate collection of financial obligations while a defendant is serving his or her sentence. *See, e.g.*, RCW 72.11.020 (authorizing court ordered financial obligations to be paid from an inmate's personal account).

There is simply no evidence of any legislative intent that is contrary to the plain language of RCW 10.82.090. Accordingly, the plain language controls,[2] and the interest accrues from the date of judgment. RCW 10.82.090.

Mr. Claypool relies on *In re Marriage of Young* to support his argument that the trial court has discretion in determining when the interest on a judgment will begin to accrue. *In re Marriage of Young*, 44 Wn. App. 533, 723 P.2d 12 (1986). But *Young* is distinguishable. There, the court determined a lien that did not come due until the occurrence of a future event was not a judgment until the duty to pay arose. *Id.* at 537. Thus, the issue was whether Mr. Young's lien was a judgment. Here, there is no dispute that Mr. Claypool's financial obligations arise under the judgment against him. And there is no future occurrence that triggers his obligation to pay. *Young* is not then applicable.

RCW 10.82.090 is unambiguous. Interest begins to accrue from the date of judgment. The court then erred by deferring the accrual of interest until Mr. Claypool's release from custody.

The sentence is reversed and the trial court is instructed to strike the language deferring interest from Mr. Claypool's judgment and sentence.

BROWN, C.J., and KATO, J., concur.

Review denied at 148 Wn.2d 1004 (2003).

---

[2] *Sullivan*, 143 Wn.2d at 175.