IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

N.A.F. (d.o.b. 11/08/95),

Appellant.

) No. 69761-7-I
)
) DIVISION ONE
)
)
) UNPUBLISHED OPINION
)
) FILED: January 21, 2014
)

BECKER, J. — At issue is an order of restitution requiring the juvenile

offender to reimburse an insurance company in the amount of $1,639 at the rate

of $5 per month for a broken window. NAF contends the court issued the order

without meaningfully considering his poverty and lack of prospects for

employment. We affirm the court's discretionary ruling because NAF failed to

establish he would be unable to make restitution payments over a 10-year

period, as required by statute.

The undisputed facts are discussed in this court's previous opinion in the

same matter. State v. Fuentes, noted at 170 Wn. App.1006 (2012). In 2011,

NAF pleaded guilty to third degree malicious mischief for throwing a rock through

a car window. He agreed to pay restitution in full to all victims on the charged

counts.

At the restitution hearing on September 16, 2011, the State requested $500.00 in restitution to the car owner for the broken window and $1,639.22 to her insurer, American Family Insurance. NAF opposed the request for restitution to the insurance company. He submitted a preprinted financial declaration stating that he had no assets and no income and was not old enough to get a job. The court referred to its general practice of letting insurance companies pursue restitution on their own. In keeping with that practice, the court ordered $500.00 in restitution to the car owner but denied restitution to the insurance company.

On the State's appeal, this court held that by adhering to a general practice, the trial court impermissibly refused to exercise its discretion. We also held that the court had not made the necessary finding of NAF's inability to make payments over a 10-year period. The order was reversed and remanded for a new restitution hearing at which the court was directed to consider NAF's present and future ability to pay.

The same judge presided at a new hearing on December 7, 2012. NAF provided the court with declarations from himself and his mother. Then age 17, NAF attested that he lived with his mother, had dropped out of school after the seventh grade, was not employed, and had "a criminal history that makes it even harder to get a job." NAF said he had been looking for a job since he turned 16, but he did not detail or document those efforts. His mother declared that NAF's father had died when the boy was 7 and this "had a profound effect on him. . . .

He is still depressed." Defense counsel offered statistics claiming that Washington's unemployment rate for people ages 16 to 19 was 34.1 percent.

The court said it was familiar with the case, had "received direction from the Court of Appeals," and would award the insurer restitution. When pressed on whether it was applying the statute, the court said, "I've reviewed the law, I've reviewed the case and I have had a chance to read your brief and I was aware of the law, and that's going to be my decision, to award restitution." The State requested that NAF be ordered to pay $13 per month in order to ensure he paid off most of the $1,639.22 in restitution over the 10-year period. The court instead ordered payments of $5 per month, which the court described as "a realistic assessment of how much can be paid with the understanding that it's up to the respondent in this particular case to have it all paid off in time."

NAF appeals the order of restitution.

Review of a juvenile court's restitution order is limited to whether statutory authority exists for the imposed restitution. State v. Hiett, 154 Wn.2d 560, 563, 115 P.3d 274 (2005). The Juvenile Justice Act of 1977, chapter 13.40 RCW, provides the requisite authority: "the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed." RCW 13.40.190(1)(a). The court has discretion to determine the amount, terms, and conditions of restitution and may extend the payment period over 10 years if it determines the juvenile cannot make full restitution in less time. RCW 13.40.190(1)(d). The court may choose to extend that period an additional 10 years. RCW 13.40.190(1)(d).

3

An automobile insurer is a "person" and "victim" entitled to juvenile restitution. State v. A.M.R., 147 Wn.2d 91, 97, 51 P.3d 790 (2002), citing State v. Sanchez, 73 Wn. App. 486, 488-90, 869 P.2d 1133 (1994). However, the court may exercise discretion and decline to order restitution to an insurer based on a juvenile's demonstrated inability to pay over a 10-year period:

> At any time, the court may determine that the respondent is not required to pay, or may relieve the respondent of the requirement to pay, full or partial restitution to any insurance provider authorized under Title 48 RCW if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution to the insurance provider and could not reasonably acquire the means to pay the insurance provider the restitution over a ten-year period.

RCW 13.40.190(1)(g).

Thus, our review is limited to whether the juvenile court abused its discretion. State v. Bennett, 63 Wn. App. 530, 533, 821 P.2d 499 (1991). An abuse of discretion occurs when the order is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Bennett, 63 Wn. App. at 533.

NAF contends the court again failed to exercise its discretion. He argues that the judge, having been reversed for articulating a blanket policy to *not* impose restitution for insurance companies, "appears to have adopted the opposite blanket policy of imposing restitution notwithstanding his statutory authority to waive it when provided with reasonable evidence of a juvenile's present and future inability to pay." We disagree. The court's explanation of its decision to require restitution payments of $5 per month rather than the higher

rate requested by the State shows that the court adequately considered NAF's individual circumstances rather than following a general practice.

NAF also argues that he proved he was unable to make restitution. He contends the court's failure to make a finding of fact to that effect was unreasonable in light of the factual information presented. But the declarations NAF submitted primarily addressed his current financial status; they did not necessarily prove a reasonable likelihood that he would remain unemployed for the next 10 years. The record contains no evidence, for example, that NAF has a physical, cognitive, or behavioral difficulty that would prevent him from getting a job and making modest payments over a 10-year period.

The court did not abuse its discretion when it ordered NAF to make restitution payments of at least $5 a month to the insurance company.

Affirmed.

Becker, J.

WE CONCUR: