

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35637-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRENNAN THOMAS PLATT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Brennan Platt appeals from a restitution order directing that he pay $1. Since he did not challenge the restitution order at sentencing, his claim of error is unpreserved.

FACTS

By jury verdict, Mr. Platt was convicted of vehicular assault arising from a motorcycle accident near Yakima in which his passenger, Hayla Eder-Cadden, suffered severe injuries. At defense request, the trial court declared an exceptional sentence and imposed a term of two days to be served in jail and 88 days to be served in home detention. The reason for the home detention was to allow Mr. Platt to continue working in order to pay his financial obligations. Report of Proceedings (RP) at 773-775.

The State sought a "placeholder" restitution award of $1 for Ms. Eder-Cadden, noting that she had had several surgeries and that additional surgery was a possibility. The trial court agreed that it was appropriate to enter a placeholder figure of $1, and expressly restated its thought process for why imposition of an exceptional sentence was appropriate:

> I think that part of my thought process is, Mr. Platt needs to be working so he can address the situation he has coming with his legal/financial— obligations, which include restitution.

RP at 774.

The defense did not object to the restitution request at sentencing that morning, nor at a later hearing that afternoon that was held to settle paperwork issues arising from the exceptional sentence. The parties worked out language in support of the exceptional sentence expressly noting that it was *not* subject to appeal. RP at 782; Clerk's Papers (CP) at 583. Defense counsel noted the intent of the language was to preserve the defendant's right to appeal from the jury verdict, but "we'll accept the sentence." RP at 782.

Mr. Platt timely appealed to this court. A panel considered his appeal without conducting oral argument.

ANALYSIS

Despite his stipulation, the sole[1] issue Mr. Platt raises in this appeal is a challenge to the $1 restitution ordered as part of his sentence. CP at 583. We need not decide whether his challenge is barred by the stipulation since he did not preserve this argument for review.

"Restitution, as a condition of probation, is primarily a rehabilitative tool. . . . Though partial compensation may be a concomitant result of restitution, it is not the primary purpose of such an order." *State v. Barr*, 99 Wn.2d 75, 79, 658 P.2d 1247 (1983) (internal citations omitted). Restitution is mandatory in cases of personal injury. RCW 9.94A.753(5).

The general rule is that an appellate court will not consider an issue on appeal that was not initially presented to the trial court. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). Even when the issue presented involves a question of manifest constitutional error, one of the limited exceptions to the general rule, the issue cannot be considered unless the record adequately presents the issue. *State v. McFarland*, 127 Wn.2d 322, 333-334, 899 P.2d 1251 (1995).

An order of restitution "does not raise a 'manifest error affecting a constitutional right.'" *State v. Bower*, 64 Wn. App. 808, 810, 827 P.2d 308 (1992) (quoting RAP

---

[1] He also asks that we not award costs to the State. Since the State indicated it will not be seeking costs, we do not address this argument.

2.5(a)). Here, Mr. Platt argues that the trial court should have conducted a separate restitution hearing before imposing the $1 order. He never asked the court to set a restitution hearing, nor did he challenge the trial court's decision to impose restitution. His allegation that the court failed to follow a *statutory* process does not present a question of manifest *constitutional* error that this court can review. RAP 2.5(a).

The failure to object to the restitution order, or to the process that established it, precludes our review of this claim. RAP 2.5(a).

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

4