[Nos. 47355-2, 47779-5.   Department Two.   November 25, 1981.]

*In the Matter of the Personal Restraint of*
RONALD LEE HABBITT, *Petitioner.*

*In the Matter of the Personal Restraint of*
JEFFERY A. JOHNSON, *Petitioner.*

*Robert Adelman* of *Institutional Legal Services,* for petitioner Habbitt.

*Jeffery A. Johnson,* pro se.

*Don Herron, Prosecuting Attorney for Pierce County,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PER CURIAM.—We granted discretionary review in these cases to decide a single issue: What is the proper remedy when firearm findings under RCW 9.41.025 are found to have been erroneously applied to enhance first degree robbery convictions? We hold that the proper remedy is to remand the cause for resentencing.

In *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), we held that the enhanced penalty provision of the Uniform Firearms Act, RCW 9.41.025, could not be applied so as to impose an additional penalty on one found guilty of attempted first degree robbery. Since the defendants in *Workman* were entitled to new trials on other grounds, the remedy was not further delineated. We later considered a personal restraint petition challenging the enhancement of a defendant's penalty following a conviction for first degree robbery. *In re Carle,* 93 Wn.2d 31, 604 P.2d 1293 (1980). Petitioner Carle had been found guilty and sentenced in July of 1978, before the *Workman* decision was issued. Even so, we held in *Carle* that the trial court had no authority to impose the enhanced penalty provisions of RCW 9.41.025 to the crime of first degree robbery. In granting relief under RAP 16.4(c)(2), we further held that the trial court had "both the power and the duty to correct [the erroneous sentence]." *In re Carle, supra* at 33–34.

Petitioner Jeffery A. Johnson was found guilty of first degree robbery while armed with a firearm. In June of 1978 he was sentenced to the maximum 20–year term. Petitioner Ronald Lee Habbitt, in July of 1978, pleaded guilty to first degree robbery while armed with a deadly weapon. He too received a 20–year sentence. Both petitioners eventually filed personal restraint petitions with the Court of Appeals. They claimed on the bases of *Workman* and *Carle* that the enhanced penalties they received under RCW 9.41.025 were invalid. Each petitioner requested the court to remand his cause to superior court for resentencing without regard to the provisions of RCW 9.41.025.

In both cases the Court of Appeals agreed that the sentencing court was without authority to enter the firearm finding. Instead of remanding the causes, however, the court simply struck the firearm enhancement from petitioners' sentences. It did so with the belief that it had this option under the authority of *State v. Scott,* 93 Wn.2d 7, 604 P.2d 943 (1980), decided just a week before *Carle.* There, in the course of an opinion dealing with numerous

other issues, this court was again confronted with the question whether a person convicted of first degree robbery could receive the enhanced penalty for being armed with a firearm. We noted that this question had been answered in *Workman*. In the *Scott* opinion as originally released the remedy apparently afforded was to simply strike the improper firearm findings.

In *Carle*, by contrast, we remanded the cause to the trial court to resentence the petitioner nunc pro tunc in accordance with our opinion. We stated:

> the trial court must correct the erroneous portion of petitioner's sentence by properly resentencing him without regard for RCW 9.41.025 *and its attendant consequences*.

(Italics ours.) *In re Carle, supra* at 34. The reasoning underlying the *Carle* result is as follows: RCW 9.41.025 restricts the discretion of the trial court in sentencing a convicted defendant. The principal consequence which attends a firearm finding is the inability of the trial court to suspend or defer sentence. Had the trial court in *Carle* been aware that the firearm finding was inapplicable, it also would have been aware that it had the discretion to consider a suspended or deferred sentence. *See Brooks v. Rhay*, 92 Wn.2d 876, 877, 602 P.2d 356 (1979).

The same reasoning applies here. The entire judgments against petitioners are not rendered void and unenforceable by the illegal entry of firearm findings. The convictions still stand and no new findings of guilt need be entered. But it was the trial court in each case whose sentencing discretion was limited by a firearm finding. Merely striking the findings without resentencing would be an illusory remedy because the cases would not be returned to the posture where the trial court's discretion can be exercised unfettered. The appropriate remedy is resentencing to correct the erroneous sentences imposed. *In re Carle, supra; Brooks v. Rhay, supra; State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966).

This is consistent with the remedy eventually afforded in

*Scott,* as our opinion in *Scott* was amended to remand for resentencing after it was originally issued.[1] This amendment to the *Scott* opinion is reflected in the bound volume of the Washington Reports. Unfortunately, the addition of the language requiring resentencing was not included until the opinion in its original form had already been published in the advance sheets. The result was that neither the parties here nor the Court of Appeals became aware of this amendment until quite recently. This amendment resolves any apparent tension between the remedies in *Carle* and *Scott* in favor of resentencing.

These causes are hereby remanded to the trial court for resentencing.

---

[1]The opinion now reads, at page 14: "Accordingly, we hereby strike from the judgment and sentence of appellants Benson and Sample any enhancement of sentence imposed in accord with RCW 9.41.025. We remand for resentencing in accordance herewith."