[No. 5184–6–III.   Division Three.   January 18, 1983.]

THE STATE OF WASHINGTON, *Petitioner,* v. PHILLIP
LEE THEROFF, *Respondent.*

*C. J. Rabideau, Prosecuting Attorney,* for petitioner.

*Byron G. Powell* and *Wallace & Powell,* for respondent.

McInturff, J.—Does a trial court have the statutory authority to sentence a defendant convicted of second degree felony murder to lifetime probation and order him to pay $10,000 to a private charity as a condition of probation? We hold it does not have such authority and reverse the sentence imposed upon Phillip Lee Theroff.

Mr. Theroff was convicted of second degree felony murder in 1977. Special findings were entered that he was armed with a deadly weapon and a firearm. He was sentenced to a maximum term of 20 years in prison. His conviction was affirmed. *State v. Theroff,* 25 Wn. App. 590, 608 P.2d 1254, *aff'd,* 95 Wn.2d 385, 622 P.2d 1240 (1980). However, while affirming the conviction, the Supreme Court remanded for resentencing without the enhancement penalty because the prosecutor failed to include in the amended information an allegation of a violation of RCW 9.41.025 or RCW 9.95.040 or any notice of intent to seek the enhanced penalty.

Upon remand, the trial court entered an order for deferred sentence which placed Mr. Theroff on lifetime probation and ordered him to pay $10,000 to the Hospice Program of the Tri–Cities, a nonprofit organization which assists the terminally ill and their families. The State petitioned the Supreme Court for discretionary review. Review was granted and the case was transferred to this court.

The State contends the trial court lacked jurisdiction to grant a deferred sentence to a defendant convicted of second degree murder. It makes three arguments. First, the possibility of a deferred sentence was not raised at trial and the law of the case doctrine precludes its imposition upon remand. This contention may be summarily rejected as the trial court specifically mentioned the possibility of a

deferred sentence should the firearms finding be reversed.

Second, it argues that RCW 9A.32.050(2) and RCW 9A.20.020(1)(a) impliedly repeal the trial court's authority to grant probation or a deferred sentence to a person convicted of second degree murder.

■ RCW 9A.32.050(2) defines second degree murder as a class A felony. Under former RCW 9A.20.020(1)(a), the punishment for a class A felony is "imprisonment . . . for a maximum term . . . of not less than twenty years, or by a fine in an amount fixed by the court of not more than ten thousand dollars, or by both . . ." However, RCW 9.95.200 provides that after "conviction by plea or verdict of guilty of any crime, the court . . . may summarily grant . . . probation . . ." RCW 9.95.210 states "The court in granting probation, may suspend the imposing or the execution of the sentence . . ." The trial court is vested with authority to grant probation and may also suspend or defer the sentence. To accept the State's argument would effectively disallow the granting of probation for any crime listed in the Revised Code of Washington.

■ Third, the trial court abused its discretion by not applying the sentencing guidelines established by the Superior Court Judges Association of the State of Washington. This argument is without merit. The guidelines are advisory and without force of law. They are but one factor in the determination of whether the trial court abused its discretion. To find an abuse of discretion, this court must determine that no reasonable person would have so sentenced Mr. Theroff. *State v. Huelett*, 92 Wn.2d 967, 969, 603 P.2d 1258 (1979). The record discloses Mr. Theroff is an elderly man, has been married for over 40 years, has a good family, and no prior record. The granting of a deferred sentence under these circumstances does not constitute an abuse of discretion.

Mr. Theroff's initial sentence had been erroneously imposed under the enhanced penalty statutes. Nevertheless, his conviction stands unimpaired. Consequently, on remand the trial court was required to again exercise its

sentencing discretion without the limitation of the firearm restriction. *In re Habbitt,* 96 Wn.2d 500, 502, 636 P.2d 1098 (1981).

> The convictions still stand and no new findings of guilt need be entered. But it was the trial court in each case whose sentencing discretion was limited by a firearm finding. Merely striking the findings without resentencing would be an illusory remedy because the cases would not be returned to the posture where the trial court's discretion can be exercised unfettered. The appropriate remedy is resentencing to correct the erroneous sentences imposed.

*In re Habbitt, supra* at 502. Here, the trial court properly acted within its statutory authority when it granted Mr. Theroff a deferred sentence.

The State next challenges the condition of probation which requires Mr. Theroff to pay $10,000 to the Hospice Program. It contends the trial court lacked authority to require a defendant to pay money to a third party charity. We agree.

The order for deferred sentence provided:

> the imposition of sentence herein is hereby deferred upon the terms and conditions hereinafter ordered . . .
>
> . . .
>
> 3. That defendant make a payment in the sum of $10,000 within three years . . . The payment is to be paid to the Hospice Program of the TRI–CITIES . . .

■ A trial court's sentencing authority is limited to that expressly found in the statutes. If the statutory provisions are not followed, the action of the court is *void. State v. Eilts,* 94 Wn.2d 489, 495, 617 P.2d 993 (1980).

RCW 9.95.210 provides in pertinent part:

> The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary (1) to comply with any order of the court for the payment of family support, (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of the crime in question . . .

■ The Hospice Program does not qualify under this

statute. Neither can the $10,000 payment be viewed as a fine because such fines must be paid to the state or county. RCW 10.82.070. Nor can the payment be considered restitution because restitution, as a condition of probation, must be related to the crime and can only involve victims who are named in the information. *State v. Eilts, supra.* Finally, the Hospice payment cannot be viewed merely as a condition of probation because RCW 9.95.210 does not expressly or inferentially allow for the payment of moneys to a third party charity.

For these reasons, we conclude the trial court acted outside its statutory authority when it ordered Mr. Theroff, as a condition of probation, to pay $10,000 to the Hospice Program. The sentence is void.

Remanded to the Superior Court for resentencing consistent with this opinion.

ROE, C.J., and GREEN, J., concur.

Reconsideration denied March 1, 1983.

Review denied by Supreme Court May 10, 1983.