57 P.3d 624 (2002)
113 Wash.App. 347
STATE of Washington, Respondent,
v.
Donald Bradford PHELPS, Appellant.
No. 26076-0-II.
Court of Appeals of Washington, Division 2.
September 13, 2002.
*626 Manek R. Mistry, Backlund & Mistry, (Court Appointed), Chehalis, WA, Counsel for appellant.
Loren Oakley, Clallam Co. Deputy Pros. Atty., Port Angeles, WA, Counsel for Respondent.
*625 SEINFELD, J.
Donald Bradford Phelps's sentence ordered him to remain outside 4 Washington counties and provided for a seven year extension of the statute of limitations. Because he agreed to the sentence as part of a plea agreement, the invited error doctrine bars Phelps from challenging some parts of the sentence on appeal. But because the trial court lacked statutory authority to extend the statute of limitations, that portion of the sentence is void. Accordingly, we affirm in part and reverse in part.

FACTS
The State charged Phelps with five drug offenses and one count of witness tampering.[1] Phelps agreed to plead guilty to one count of unlawful delivery of marijuana, with the understanding that the State would dismiss the other charges with prejudice, except for count I, unlawful manufacture of marijuana. The State would dismiss count I without prejudice:
on condition that I stipulate to the facts related to that Count as set forth in the Certification for Probable Cause ... in support of the filing of the Criminal Information and any and all related police reports, and with the understanding that the charge described in Count I will not be re-filed against me as long as I do not re-enter any of the Counties of Clallam, Grays, Island, Jefferson, Kitsap, Mason, after four months have elapsed from the date of my release from incarceration for the charge to which I am pleading guilty; *627 The defendant waives statute of limitations for a period of ten years.
Clerk's Papers (CP) at 42.
The State also agreed to recommend a 29-month standard range sentence and
[i]mposition of a total court-ordered legal financial obligation in the amount of $86,000.00, to be paid in accordance with the agreement set forth in Attachment A to this Statement of Defendant on Plea of Guilty, and to represent payment in full of all potential legal financial obligations relating to this action as described at RCW 9.94A.030(11), including, but not limited to, the mandatory $500.00 Victim Penalty Assessment and the mandatory $2,000 fine for conviction of a subsequent drug offense; and this amount also to represent satisfaction in full of any claim or cause of action, known or unknown, that Clallam County ... has asserted or could have asserted against me up to the date of the execution of the agreement represented by this Statement of Defendant on Plea of Guilty, including [listing specific cause numbers.]
CP at 42-43.
The trial court accepted Phelps' guilty plea, sentenced him to a 29-month standard range sentence, ordered a $2,000 fine "[t]o be paid from the proceeds of the $86,000.00 civil forfeiture," imposed one year of community placement, and ordered him to remain "outside Clallam, Kitsap, Grays Harbor and Mason Counties." CP at 32, 35. The court also added a hand-written note to the judgment and sentence stating: "The defendant agrees to extend the statute of limitation for refiling Count I for a period of 7 years from this Judgment and Sentence." CP at 36.
Phelps now appeals each of these terms of his judgment and sentence.

DISCUSSION
Phelps challenges neither the plea agreement nor his guilty plea. Instead, he argues that the trial court exceeded its statutory authority in imposing a "[b]anishment" provision and an $86,000 fine, and in dismissing his civil suit. Appellant's Br. at 8.

I. WAIVERGUILTY PLEA
A defendant who pleads guilty waives numerous rights, including any CrR 3.3 speedy trial challenges and, generally, the right to appeal. State v. Majors, 94 Wash.2d 354, 356, 616 P.2d 1237 (1980); State v. Wilson, 25 Wash.App. 891, 895, 611 P.2d 1312 (1980). But "a plea of guilty does not preclude an appeal where collateral questions, such as the validity of the statute, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made, are raised." State ex rel. Fisher v. Bowman, 57 Wash.2d 535, 536, 358 P.2d 316 (1961) (emphasis omitted). See also Majors, 94 Wash.2d at 356, 616 P.2d 1237. A defendant also may challenge his sentence if the trial court exceeded its statutory sentencing authority. In re Personal Restraint of Moore, 116 Wash.2d 30, 38-39, 803 P.2d 300 (1991); State v. Eilts, 94 Wash.2d 489, 495-96, 617 P.2d 993 (1980) overruled by statute on other grounds as stated in State v. Barr, 99 Wash.2d 75, 78, 658 P.2d 1247 (1983); In re Personal Restraint of Gardner, 94 Wash.2d 504, 507, 617 P.2d 1001 (1980). "[A] defendant cannot agree to be punished more than the Legislature has allowed for." In re Moore, 116 Wash.2d at 38, 803 P.2d 300. As Phelps challenges the trial court's authority to sentence him as it did, the doctrine of waiver does not apply here.

II. INVITED ERROR DOCTRINE
The State next argues that the invited error doctrine bars Phelps from complaining of the alleged errors because he participated in creating them by agreeing to the conditions in the plea bargain. State v. Henderson, 114 Wash.2d 867, 870, 792 P.2d 514 (1990). The invited error doctrine applies only where the defendant engaged in some affirmative action by which he knowingly and voluntarily set up the error. In re Personal Restraint of Call, 144 Wash.2d 315, 326-28, 28 P.3d 709 (2001) (no invited error where technical defect in sentence calculation was inadvertent); State v. Wakefield, 130 Wash.2d 464, 475, 925 P.2d 183 (1996) (no invited error where defense counsel requested trial court to participate in plea negotiations *628 but participation went beyond defense counsel's request). Where it applies, this doctrine precludes judicial review even where the alleged error raises constitutional issues. Henderson, 114 Wash.2d at 871, 792 P.2d 514.
Here, the record indicates that Phelps' counsel and the State engaged in lengthy negotiations that produced a very favorable plea agreement for Phelps. The State committed itself to argue for dismissal of 5 of 6 charges and incarceration within the standard range on the remaining charge. Further, the record indicates that the terms of the plea agreement were fully disclosed and that the trial court imposed a sentence consistent with the agreement. See In re Personal Restraint of Breedlove, 138 Wash.2d 298, 312-13, 979 P.2d 417 (1999) (defendant's stipulation to exceptional sentence was sufficient to establish that the sentence was statutorily authorized; defendant invited error by agreeing to the sentence in exchange for reduced charges).
The remaining question is whether the invited error doctrine bars Phelps' challenge to his sentence where the trial court arguably acted beyond its jurisdiction. In Eilts, the Supreme Court held that the trial court lacked statutory authority to grant probation on the condition that the defendant, who was convicted of stock fraud, make restitution to investors other than the victims of the charged crimes. 94 Wash.2d at 495-96, 617 P.2d 993. The State argued in Eilts that the defendant's acknowledgement below of the debt and his promise to repay all investors "prompted the sentencing court to reject a long jail term in favor of probation upon the condition that defendant repay all of the investors." 94 Wash.2d at 495, 617 P.2d 993.
The Eilts court rejected this argument, stating that "a defendant cannot empower a sentencing court to exceed its statutory authorization." 94 Wash.2d at 495-96, 617 P.2d 993 (citing State ex rel. Schock v. Barnett, 42 Wash.2d 929, 931, 259 P.2d 404 (1953)). Similarly, here, although Phelps clearly invited the challenged sentence, to the extent he can show that the sentencing court exceeded its statutory authority, the invited error doctrine will not preclude appellate review. See In re Personal Restraint of Goodwin, 146 Wash.2d 861, 50 P.3d 618, 625 (2002).

III. STATUTORILY AUTHORIZED SENTENCE
"With the twin exceptions of prior convictions and information relevant to the plea agreement, no restrictions are placed on the subject matter of plea agreements and, subject to the strictures of the prosecuting standards and judicial approval, prosecutors and defense attorneys ... may reach agreements as to any of the traditional subjects of plea bargaining." DAVID BOERNER, SENTENCING IN WASH., § 12.22 at 12-45 (1985). If the trial court finds the plea agreement to be "consistent with the interests of justice and with the prosecuting standards," RCW 9.94A.431(1), and if the defendant enters into the agreement "intelligently, voluntarily and with an understanding of the consequences," the reviewing court must uphold the agreement as valid. State v. Hilyard, 63 Wash. App. 413, 418, 819 P.2d 809 (1991). As Phelps does not challenge the plea agreement, we focus on the trial court's sentence.
"A trial court's sentencing authority is limited to that expressly found in the statutes. If the statutory provisions are not followed, the action of the court is void." State v. Theroff, 33 Wash.App. 741, 744, 657 P.2d 800 (1983) (citing Eilts, 94 Wash.2d at 495, 617 P.2d 993). See also State v. Furman, 122 Wash.2d 440, 456, 858 P.2d 1092 (1993). Additionally, a defendant cannot extend the trial court's sentencing authority by agreeing to a punishment in excess of statute. See In re Moore, 116 Wash.2d at 38, 803 P.2d 300.
A. DISMISSAL OF CIVIL SUIT AND FINE
Phelps claims that the trial court improperly dismissed his civil suit as part of his judgment and sentence, arguing that this dismissal violated the doctrine of constitutional conditions. Phelps does not point to evidence in the record supporting or explaining this claim other than citing to papers related to the State's separate civil forfeiture claim against him. The civil forfeiture settlement agreement attached to Phelps' statement on plea of guilty does include a complete *629 release of claims between the parties but that is a separate agreement that is not part of the trial court's judgment and sentence.
Similarly, Phelps' claim that the trial court violated the Double Jeopardy Clause by imposing a statutorily unauthorized $86,000 fine is unsupported by the judgment and sentence. The trial court imposed a $2,000 fine, which is well below the maximum authorized fine of $10,000, and directed it to be paid out of the separate $86,000 civil forfeiture settlement agreement. See RCW 69.50.401(a)(1)(iii) (authorizing not more than a $10,000 fine). Moreover, case law does not support this claim. See United States v. Ursery, 518 U.S. 267, 287, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); State v. Catlett, 133 Wash.2d 355, 368-69, 945 P.2d 700 (1997).
B. EXCLUSION AND STATUTE OF LIMITATIONS
Phelps also argues that his exclusion from four Washington counties and the extension of the statute of limitations lacked statutory authorization in addition to violating the Due Process Clause. The Sentencing Reform Act of 1981(SRA) mandates one year of community placement for persons convicted of a felony under RCW 69.50, which may include a special condition prohibiting the defendant from leaving or entering a specific geographical boundary. Former RCW 9.94A.120(9)(a)(i) and (c)(i) (2000).[2]
Here, the trial court's order excluding Phelps from the four counties does not contain a specific time period but it could be read to apply either within the one-year community placement period or the seven-year statute of limitations extension period. But as the trial court lacked statutory authority to impose the latter condition, we interpret the exclusion to apply only within the statutorily authorized one-year community placement period. See, e.g., former RCW 9.94A.120(9)(a)(i) and (c)(i) (2000).
Nor has Phelps shown that the trial court exceeded its statutory jurisdiction by entering a one-year exclusion provision. As we stated above, the statute allows a court to require a defendant to remain outside a geographic area and Phelps does not suggest any other jurisdictional impediment to this condition. Thus, the invited error doctrine precludes Phelps' complaint that the trial court erred in requiring exclusion.[3]See In re Moore, 116 Wash.2d at 38-39, 803 P.2d 300; Henderson, 114 Wash.2d at 871, 792 P.2d 514.
As to the statute of limitations extension, the State suggests that this "agreement" is not part of the judgment and sentence. But whether the trial court intended that notation to be part of its sentencing order or merely an acknowledgement of Phelps' agreement, including it in the judgment and sentence gave it the imprimatur of the court. Thus, it warrants review.
Assuming that the notation is part of the judgment and sentence, the State has not been able to demonstrate any statutory authority allowing the sentencing court to extend the statute of limitations. As the court's sentencing authority is limited to that expressly provided for by statute, the extension of the statute of limitations for seven years on count I is void and cannot stand. *630 See Furman, 122 Wash.2d at 456, 858 P.2d 1092; Theroff, 33 Wash.App. at 744, 657 P.2d 800. Although Phelps agreed to the extension, he cannot grant the court authority to punish him more severely than the sentencing statutes allow. See In re Moore, 116 Wash.2d at 38, 803 P.2d 300; Eilts, 94 Wash.2d at 495-96, 617 P.2d 993; In re Gardner, 94 Wash.2d at 507, 617 P.2d 1001; see also State v. Glover, 25 Wash.App. 58, 61, 604 P.2d 1015 (1979) ("[A] criminal statute of limitation is not merely a limitation upon the remedy, but is a `limitation upon the power of the sovereign to act against the accused.'") (quoting State v. Fogel, 16 Ariz.App. 246, 492 P.2d 742, 744, (Ariz.Ct.App.1972)).
C. REAL FACTS DOCTRINE
Finally, Phelps argues that the trial court violated the real facts doctrine in sentencing him.
The real facts doctrine is based on former RCW 9.94A.370(2)[4] and provides that "a trial court may not impose a sentence based on the elements of a more serious crime that the State did not charge or prove." Wakefield, 130 Wash.2d at 475-76, 925 P.2d 183. But the SRA expressly allows the court to look to information in plea agreements. Former RCW 9.94A.370(2); State v. Handley, 115 Wash.2d 275, 280, 796 P.2d 1266 (1990). And regardless, "in order to dispute any of the information presented for consideration at a sentencing hearing, a defendant must make a timely and specific challenge." State v. Garza, 123 Wash.2d 885, 890, 872 P.2d 1087 (1994).
As Phelps failed to make a timely specific challenge, as a matter of law he acknowledged the facts contained in the plea statement. See Garza, 123 Wash.2d at 891, 872 P.2d 1087. Thus, the trial court did not exceed its statutory authority in considering that information. See former RCW 9.94A.370(2).

IV. ATTORNEY FEES AND COSTS
The State requests its attorney fees and costs on appeal pursuant to RAP 14.3 and RCW 10.73.160. As Phelps prevailed on the jurisdictional extension issue, we decline to award fees.
We affirm the sentence, interpreting the exclusion provision to apply only for the one year of community placement, but reverse the notation extending the statute of limitations. We remand for entry of a corrected judgment and sentence.[5]
We concur: BRIDGEWATER, J., and QUINN-BRINTNALL, A.C.J.
NOTES
[1] The specific charges were: count I, unlawful manufacture or possession of marijuana with intent to manufacture, with a school zone sentencing enhancement; count II, unlawful possession of less than 40 grams of marijuana; counts III and IV, unlawful delivery of marijuana; count V, unlawful possession of marijuana with intent to deliver; and count VI, witness tampering. The information mistakenly identifies count VI as a second count IV.
[2] Recodified at RCW 9.94A.505, RCW 9.94A.700(1)(b)(iv) and (5)(a).
[3] Courts that have addressed orders excluding defendants from certain geographically defined areas have generally approved of the condition where there was a showing that the condition was reasonably related to the purposes of probation and was not overly broad. See, e.g., United States v. Cothran, 855 F.2d 749, 750, 752 (11th Cir.1988) (exclusion of defendant from his home county for two years was reasonably related to the protection of the public and defendant's rehabilitation); Commonwealth v. Pike, 428 Mass. 393, 701 N.E.2d 951, 959-61 (Mass.1998) (reversing exclusion from state as probation condition and collecting cases regarding exclusion from more limited geographical areas); State v. Franklin, 604 N.W.2d 79, 82-83 (Minn.2000) (may impose geographical limitation as probation condition if it is reasonably related to purposes of probation and court provides adequate record for review as limitation may infringe on fundamental rights); State v. Ferre, 84 Or.App. 459, 734 P.2d 888, 889-90 (Or.Ct.App.1987) (exclusion from entire county broader than necessary to protect victims but court could impose exclusion from more limited geographical area). Here, as Phelps agreed to the exclusion condition as part of the plea bargain, the trial court did not make findings.
[4] Former RCW 9.94A.370(2) (2000), recodified at RCW 9.94A.530 (2)(2000), provides:

In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the standard sentence range except upon stipulation or when specifically provided for[.]
[5] "It is well established that the imposition of an unauthorized sentence does not require vacation of the entire judgment or granting of a new trial. The error is grounds for reversing only the erroneous portion of the sentence imposed." Eilts, 94 Wash.2d at 496, 617 P.2d 993 (citation omitted).