IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30378-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | OPINION PUBLISHED |
| | ) | IN PART |
| PATRICK GALE WILSON, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Patrick Gale Wilson was found guilty of first degree child rape. On appeal, he contends that his constitutional right to a jury trial was violated by the trial court's instruction that the jury had a duty to return a guilty verdict if each of the elements of the crime had been proved beyond a reasonable doubt. We agree with the opinions of Divisions One and Two that uphold the instruction. Mr. Wilson also challenges the repayment of his legal financial obligations (LFOs) and the imposition of community custody conditions on the possession of pornography and alcohol.

FACTS

Patrick Wilson was charged with first degree child rape of his daughter, D.M.S. (D.O.B. March 13, 2002). At trial, the court gave the standard to convict instruction for the crime as presented by the State. The instruction included, "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." Clerk's Papers (CP) at 299. Consequently, the court rejected Mr. Wilson's proposed instruction that stated, "In order to return a verdict of guilty, you must unanimously find from the evidence that each of these elements has been proved beyond a reasonable doubt." CP at 284. Mr. Wilson maintained that this jury instruction was more appropriate because the constitution did not impose a duty on the jury to convict, even if it found proof of the elements beyond a reasonable doubt.

A jury convicted Mr. Wilson of rape of a child in the first degree. Mr. Wilson was sentenced to a minimum of 136 months to life.

The court ordered Mr. Wilson to pay over $15,000 in LFOs. Mr. Wilson's judgment and sentence contained section 2.5, which stated, "The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the

defendant's status will change." CP at 325. However, the trial court did not indicate on the judgment and sentence that it found that Mr. Wilson had the ability or future ability to pay the LFOs.

Section 4.1 of the judgment and sentence ordered that "[t]he defendant shall pay up to $50.00 per month to be taken from any income the defendant earns while in the custody of the Department of Corrections. This money is to be applied towards legal financial obligations." CP at 326.

Additionally, the trial court imposed conditions on Mr. Wilson's term of community custody. The trial court ordered that Mr. Wilson not possess or pursue pornographic materials. The court also ordered that Mr. Wilson not purchase, possess, or use alcohol, that Mr. Wilson submit to testing and searching by the community corrections officer to monitor compliance with the alcohol conditions, that Mr. Wilson not enter a business where alcohol is the primary commodity for sale, and that Mr. Wilson undergo alcohol evaluation and follow recommended treatment.

Mr. Wilson appeals. He contends that the to convict jury instruction violated his constitutional right to a jury trial, that the trial court erroneously ordered him to pay his LFOs without finding that he has the ability to pay, and that the trial court exceeded its authority by ordering community custody conditions on pornography and alcohol.

3

No. 30378-1-III
*State v. Wilson*

ANALYSIS

"Jury instructions are sufficient if they are not misleading, permit the parties to argue their cases, and properly inform the jury of the applicable law when read as a whole." *State v. Meggyesy*, 90 Wn. App. 693, 698, 958 P.2d 319 (1998), *abrogated on other grounds by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005).

Mr. Wilson assigns error to the trial court's instruction to the jury that "[i]f you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." CP at 299. The language of this instruction is from 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 44.11 (3d ed. 2008). Mr. Wilson argues that, under Washington law, juries never have a duty to return a verdict of guilty and that the instruction violates article I, sections 21 and 22 of the Washington Constitution. The rationale that underlies Mr. Wilson's challenge has been rejected in cases arising from Division One and Division Two of this court. *Meggyesy*, 90 Wn. App. 693; *State v. Brown*, 130 Wn. App. 767, 124 P.3d 663 (2005).

In *Meggyesy*, the defendants challenged the same jury instruction as Mr. Wilson. *Meggyesy*, 90 Wn. App. at 697. The defendants opposed the instruction that required the jury to return a guilty verdict upon finding proof of each element beyond a reasonable

4

doubt and, instead, asserted that a proper instruction should have informed the jury that it "may" convict upon a finding of proof beyond a reasonable doubt. *Id.* Division One upheld the language in the challenged jury instruction. *Id.* at 698. The court concluded that the instruction did not implicate the federal constitutional right to a jury trial or misstate the law. *Id.* at 701. The court determined defendants essentially proposed a jury nullification instruction, and that the defendants were not entitled to an instruction that permitted the jury to acquit against the evidence. *Id.* at 699-700.

The court also conducted a six-step *Gunwall*[1] analysis and concluded that there was "no independent state constitutional basis to invalidate the challenged instructions." *Id.* at 704. Of particular importance, the court reviewed state constitutional history and pre-existing state law and determined that the Washington Constitution does not provide a broader right to a jury trial with respect to the challenged jury instructions. *Id.* at 702-03.

*Brown* also challenged the jury instruction, claiming that the "to convict" language affirmatively misled the jury about its power to acquit, and that the word "duty" conveyed to the jury that it could not acquit if the elements had been established. *Brown*, 130 Wn. App. at 771. Division Two concluded that Mr. Brown raised the same issues that were addressed in *Meggyesy*, and then rejected Mr. Brown's argument based on *Meggyesy*. *Id.*

---

[1] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

5

Further, the court held that the purpose of the instruction is to provide the jury with the law applicable to each particular case, and that jury nullification is not a law to be applied to Mr. Brown's charged crime. *Id.*

Here, Mr. Wilson requests that we reconsider this issue. He raises the same challenge as in *Brown* and uses the same constitutional arguments set forth in *Meggyesy*. Despite Mr. Wilson's request, we agree with the reasoning in the aforementioned cases and hold that "such an instruction is equivalent to notifying the jury of its power to acquit against the evidence and that a defendant is not entitled to a jury nullification instruction." *State v. Bonisisio*, 92 Wn. App. 783, 794, 964 P.2d 1222 (1998) (citing *Meggyesy*, 90 Wn. App. at 700). We hold that Mr. Wilson's constitutional right to a jury trial was not violated by the "to convict" jury instruction.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with RCW 2.06.040, the rules governing unpublished opinions.

*LFO.* Under RCW 10.01.160, a court "may [order] a [criminal] defendant to pay costs . . . incurred by the [S]tate in prosecuting the defendant." RCW 10.01.160(1), (2). "Inquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment; a defendant's

6

indigent status at the time of sentencing does not bar an award of costs." *State v. Crook*, 146 Wn. App. 24, 27, 189 P.3d 811 (2008). A trial court's consideration of a defendant's ability to pay applies to the setting of the minimum monthly payment; it does not apply to the setting of the total amount of financial obligations owed. *State v. We*, 138 Wn. App. 716, 728, 158 P.3d 1238 (2007); RCW 9.94A.753(1).

Funds earned by a convicted person during custody are under the charge of the Secretary of the Department of Corrections. RCW 72.11.020. The secretary has the authority to disburse money from the inmate's personal account for the purpose of satisfying a court-ordered LFO. *Id.* LFO deductions shall be made as stated in RCW 72.09.111(1) and RCW 72.65.050. RCW 72.11.020. The withdrawal of funds for the payment of LFOs shall not reduce the inmate's account to less than the level of indigency as defined by the department. *Id.* "Further, unless specifically altered herein, court-ordered legal financial obligations shall be paid." *Id.*

RCW 72.09.111 mandates the minimum deductions from wages received by prisoners. The statute sets forth "specific formulas allowing for fluctuating amounts to be withheld, based on designated percentages and inmate account balances, assuring inmate accounts are not reduced below indigency levels." *Crook*, 146 Wn. App. at 28 (citing RCW 72.09.111(1)). This includes a minimum 20 percent deduction for payment of

7

LFOs for all inmates who have LFOs owing in any Washington superior court. RCW 72.09.111(1)(a)(iv).

"Mandatory Department of Corrections deductions from inmate wages for repayment of legal financial obligations are not collection actions by the State requiring inquiry into a defendant's financial status." *Crook*, 146 Wn. App. at 27-28.

Mr. Wilson contends that the trial court made an implied finding that he had the current or future ability to pay his LFOs when it ordered him to pay $50 per month from his Department of Corrections account. He contends that the finding is not supported by the record and must be stricken.

However, the trial court did not make an implied finding regarding Mr. Wilson's ability to pay. Instead, the court limited the amount of inmate wages to be applied to Mr. Wilson's LFOs. The Department of Corrections has the statutory authority to deduct a portion of his inmate wages for this purpose. RCW 72.11.020.

Furthermore, the trial court was not required to address Mr. Wilson's ability to pay. The deduction from Mr. Wilson's inmate wages while in custody of the Department of Corrections was not a collection action by the State. Statutory guidelines are in place to assure inmate accounts are not reduced below indigency levels. RCW 72.11.020. Mr. Wilson's ability to pay was not at issue.

8

The judgment and sentence does not contain an unsupported finding that Mr. Wilson has the ability to pay LFOs.

*Sentencing Conditions.* This court reviews crime-related prohibitions or conditions imposed by the trial court for an abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). To be reversed, the sentence must be manifestly unreasonable so that "'no reasonable man would take the view adopted by the trial court.'" *Id.* (quoting *State v. Blight*, 89 Wn.2d 38, 41, 569 P.2d 1129 (1977)). Unauthorized conditions of a sentence may be challenged for the first time on appeal. *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).

As a part of any term of community custody, the court has the discretion to order an offender to comply with any crime-related prohibition. RCW 9.94A.703(3)(f). A "crime-related prohibition" is defined, in relevant part, as "'[a]n order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted.'" *State v. Letourneau*, 100 Wn. App. 424, 431, 997 P.2d 436 (2000) (quoting former RCW 9.94A.030(12) (1999)). "Although the conduct prohibited during community custody must be directly related to the crime, it need not be causally related to the crime." *Id.* at 432.

Sentencing courts may impose sentences only if the legislature had authorized the sentence by statute. *State v. Phelps*, 113 Wn. App. 347, 354-55, 57 P.3d 624 (2002) (quoting *State v. Theroff*, 33 Wn. App. 741, 744, 657 P.2d 800 (1983)). Whenever a sentencing court exceeds its statutory authority, its action is void. *Id.* (quoting *Theroff*, 33 Wn. App. at 744).

Mr. Wilson challenges the condition that prohibits him from possessing or pursuing any pornographic materials, including those found on the Internet. He contends that the condition is unconstitutionally vague.

"A statute is unconstitutionally vague if it '(1) . . . does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008) (alterations in original) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). A general restriction on accessing or possessing pornographic materials is unconstitutionally vague. *Bahl*, 164 Wn.2d at 758.

As recognized in *Bahl*, the condition generally prohibiting Mr. Wilson from possessing or pursuing pornography is unconstitutionally vague. We remand to the trial court to narrowly tailor the condition. At resentencing, the State may recommend that the

10

court revise the condition to prohibit Mr. Wilson from possessing any depictions of sexually explicit conduct as defined in former RCW 9.68A.011(3) (2002).

Mr. Wilson also challenges the conditions related to alcohol, specifically the conditions that (1) prohibited Mr. Wilson from purchasing, possessing, or using alcohol and ordered Mr. Wilson to consent to searches to monitor compliance, (2) prohibited Mr. Wilson from entering a business where alcohol is the primary commodity for sale, and (3) ordered Mr. Wilson to undergo alcohol evaluation and follow recommended treatment. Except for the condition that prohibits Mr. Wilson from consuming alcohol, Mr. Wilson contends that the court exceeded its statutory authority in imposing the remaining conditions because they are not crime related.

There is no dispute that the trial court had the statutory authority under RCW 9.94A.703(3)(e) to prohibit Mr. Wilson from consuming alcohol. This condition stands. For the remaining conditions, the State concedes that the conditions are not proper because there is no evidence that alcohol was involved in the commission of Mr. Wilson's crime. Thus, on remand, the remaining conditions regarding alcohol are to be stricken.

11

No. 30378-1-III
*State v. Wilson*

We affirm the conviction for first degree child rape. We affirm the condition regarding the consumption of alcohol. We remand for clarification of the condition on pornography and to strike the remaining conditions regarding alcohol.

_____
Kulik, J.

WE CONCUR:

_____     _____
Korsmo, C.J.                           Siddoway, J.