IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38514-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY P. BERGSTROM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — After the Washington Supreme Court's landmark decision in

*State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), which declared unconstitutional the

former statute criminalizing the simple possession of a controlled substance, thousands of

convictions had to be vacated. Resentencing has been required in the many cases in

which now-void possession convictions affected an offender score. Fortunately,

prosecutors, defense counsel and our courts have for the most part agreed about what has

needed to be done and why.

This case is an exception. Zachary Bergstrom, who entered a two-step plea

agreement to four crimes, contends that the unconstitutionality of his single simple

possession conviction entitles him to an order vacating all of the convictions to which he

pleaded guilty. The trial court denied that relief. Mr. Bergstrom wanted to continue to

press his "vacate everything" argument in an appeal to this court, so the trial court

vacated Mr. Bergstrom's simple possession conviction with the expectation that resentencing would take place if Mr. Bergstrom's argument failed on appeal.

The "vacate everything" argument *does* fail on appeal, so we remand for resentencing. We will not entertain a new argument by Mr. Bergstrom's counsel that Mr. Bergstrom is entitled to withdraw his guilty pleas as involuntary because it does not qualify as manifest error, nor is it adequately supported.

We remand for resentencing.

## FACTS AND PROCEDURAL BACKGROUND

As of the beginning of April 2017, Zachary Bergstrom faced potential felony charges in Spokane County for the following crimes, allegedly committed on the following dates:

| | |
|---|---|
| Possession of a controlled substance (methamphetamine) | July 11, 2016 |
| Possession of a controlled substance (heroin) | July 11, 2016 |
| Possession of a controlled substance (hydrocodone) | July 11, 2016 |
| Second degree unlawful possession of a firearm | July 31, 2016 |
| Possession of a stolen firearm | July 31, 2016 |
| Attempt to elude a police vehicle | July 31, 2016 |
| Attempt to elude a police vehicle | March 23, 2017 |

*See* Clerk's Papers (CP) at 3-6; Br. of Resp't at 3-5, 47. He had a fairly extensive criminal history, mostly crimes committed in states other than the State of Washington.

On April 13, 2017, Mr. Bergstrom entered into a plea agreement to resolve the potential charges. The State filed a second amended information that charged Mr.

2

Bergstrom with only four crimes: one firearm offense (possession of a stolen firearm),

one controlled substance offense (possession of methamphetamine and heroin), and two

counts of attempting to elude a police vehicle.  As part of the plea agreement, the State

identified a number of his out-of-state crimes that would not count toward his offender

score under *State v. Ford*, because the State would not be proving their comparability to

Washington crimes.  137 Wn.2d 472, 480, 973 P.2d 452 (1999) (holding that it is

inconsistent with principles of justice to sentence a person on the basis of "crimes that the

State either could not or chose not to prove").

Mr. Bergstrom and the State agreed to a two-step plea.  On April 13, 2017, Mr.

Bergstrom entered an *Alford*[1] plea to one count of possession of a stolen firearm with an

offender score of 0 and a standard range of 6 to 12 months.  The next day, he entered an

*Alford* plea to the remaining charges.  His offender score for purposes of the second

judgment and sentence was a 3, resulting in standard ranges for the elude and possession

charges of 2 to 6 months and 6+ to 12 months, respectively.  The State agreed to

recommend a 6-month sentence for the firearm charge and a 6+ month charge for the plea

to the remaining charges, to run concurrently.

The court sentenced Mr. Bergstrom to 6 months' confinement for the firearm

offense, 6 months' confinement for the two counts of attempting to elude, and 6 months

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 178 (1970).

plus 1 day for the controlled substance possession count. All were to be served concurrently. Mr. Bergstrom was required to serve 12 months of community custody for the controlled substance possession conviction.

The Washington Supreme Court filed its decision in *Blake* on February 25, 2021. It did not take long for offenders and their lawyers to begin seeking relief from simple possession convictions, which *Blake* had rendered void. Mr. Bergstrom's first request for relief was a form "Motion for Relief from Judgment" that Mr. Bergstrom, acting pro se, completed with information about his criminal history. CP at 53-58 (some capitalization omitted). He filed it in April 2021. As was typical of many such motions, it contended he was entitled to have his conviction for simple possession vacated and to be resentenced on the basis of a corrected offender score.

Then, in August 2021, Mr. Bergstrom filed additional motion materials that were largely handwritten and appeared to be his own work product. As relevant to the current appeal, his new submissions now requested that the trial court vacate all of the convictions to which he pleaded guilty in April 2017.

The parties convened for a show cause hearing on Mr. Bergstrom's motion on September 22, 2021. Mr. Bergstrom had been assigned an attorney but she was ill, so a colleague appeared on her behalf. He explained to the judge that he was not familiar with the motion but had spoken to Mr. Bergstrom, and Mr. Bergstrom felt confident he could present the argument pro se.

4

The prosecutor apprised the court that she had prepared an order vacating Mr. Bergstrom's simple possession conviction and had brought corrected offender score information to the hearing. But she stated she had only recently learned of Mr. Bergstrom's request that the court vacate his convictions for other crimes and was not prepared to address it.

Mr. Bergstrom made it clear he believed he was entitled to an order vacating all of his convictions, although his argument suggested he might be confused about a different request for relief: a request to withdraw his plea. He explained to the court:

> [D]ue to significant changes in the legislature—I can state case law—but more or less the person would have the right to withdraw their plea because, honestly, this J[udgment] and S[entence] is now void on its face. I had to deal with a specific action, and in that specific action I'm moving the court to vacate that instead of vacating my plea. However, I am fully understanding that the attempt to elude and the stolen firearm possession will thus be able to be recharged upon my person if they decide to prosecute me, which I'm fully willing to go to court.
>
> Honestly, the only reason that I took this Alford Plea was the preponderance of the evidence on the unconstitutional possession charge. Had that charge not existed at that time I would have never entered into that Alford Plea.

Report of Proceedings (RP) at 11.

The trial court granted the prosecutor a two-week continuance to prepare to respond to Mr. Bergstrom's request to vacate all of his April 2017 convictions. It granted the State's motion to vacate Mr. Bergstrom's April 2017 simple possession conviction and signed its proposed order vacating the conviction and dismissing the charge with

prejudice. The court encouraged Mr. Bergstrom to confer further with his attorney and consider allowing her to argue on his behalf.

When the parties returned for the continued argument two weeks later, Mr. Bergstrom's assigned attorney was present. She was aware the trial court had entered an order vacating the simple possession conviction and had dismissed that charge at the prior hearing. She informed the court that she had conferred with Mr. Bergstrom and understood he was seeking relief beyond vacating the simple possession conviction. She told the court, "I believe that is beyond the scope we're able to provide him for post-conviction representation." RP at 35.

The court heard from Mr. Bergstrom, who revealed that his assigned attorney "does not agree with what I have alluded to be in my best interest," so he would advocate for himself. RP at 38. He again described the relief he was seeking in terms very similar to his explanation at the prior hearing.

The prosecutor responded that he did not believe Mr. Bergstrom's offender score was affected by vacating count IV. He also argued:

> As far as a motion to vacate, his motion is not to vacate the rest. His motion is to withdraw his plea, which he needs to do that separately. This is not the proper forum nor the proper rule. . . .
> There is no legal basis to vacate the rest of the charges or the rest of the judgment and sentence.

RP at 41. The prosecutor asked to move forward with the resentencing. He also observed that because Mr. Bergstrom had been convicted of additional crimes following

6

his April 2017 judgment and sentence, he would face a higher offender score if he

withdrew his plea and were reconvicted. Nevertheless, the prosecutor concluded, "If

that is really what he wants to do, then he should bring a motion to withdraw his plea."

RP at 42.

> Mr. Bergstrom replied, and was adamant in his position:

> *I'm not attempting to withdraw my plea.* I'm attempting specific action,
> which is a Rule 60(b) motion to vacate, which is well within my rights.
> Now, I'm entitled to specific action within the same reasoning and legal
> holding that gives me the ability to withdraw my plea.
>
> Instead of doing that, I'm moving to vacate without prejudice the
> remaining charges which I outlined in my brief.
>
> So my briefing is sound. The state was given two weeks to respond.
> The fact they have a different prosecutor there, didn't argue it, it is dicta,
> it's unsound. My holdings are backed up by the supreme court, are sound,
> and are correct and are bound.

RP at 43 (emphasis added).

In ruling, the trial court explained to Mr. Bergstrom that the cases on which he

relied did not support his right to have any charge vacated other than the simple

possession charge. When Mr. Bergstrom protested that he was asking "specific action"

and "that gives me the opportunity to withdraw the plea *or* vacate my charges," the court

answered that there were different grounds for withdrawing a plea. RP at 44 (emphasis

added). He repeated several times that the appellate court "can tell me I'm wrong," but

he was denying Mr. Bergstrom's requested relief. RP at 45-47. Mr. Bergstrom

7

acknowledged the court was not required to rule in his favor, and said, "I can appeal that decision. And if that doesn't work out, I can withdraw my plea." RP at 47.

The trial court had earlier observed that "[Mr. Bergstrom] needs to be resentenced at some point," and, having announced that he would enter an order denying Mr. Bergstrom's motion, asked him, "Do you want to proceed forward with resentencing or would you prefer to just take [today's] order and . . . deal with that issue?" RP at 36, 51. Mr. Bergstrom responded, "I'll go up on appeal and I'll appeal the decision and appeal on my briefing." RP at 51.

The trial court entered an order denying Mr. Bergstrom's motion. The order stated that Mr. Bergstrom "may take any other action he deems appropriate as to the convictions in this matter, such as attacking the voluntariness of his pleas. Such a motion is outside the present motion." Clerk's Papers (CP) at 82. Mr. Bergstrom appeals.

ANALYSIS

Now represented by appointed counsel, Mr. Bergstrom makes four assignments of error that we review as raising three issues: (A) whether the trial court erred by denying his motion for an order vacating his remaining three April 2017 convictions, (B) whether his pleas are invalid because his conviction for simple possession was erroneously used as a point in calculating his offender score, and (C) whether his pleas are invalid because he was incorrectly advised of his offender score and standard range sentences, giving him the right to withdraw the pleas. We address the issues in the order stated.

8

I.      THE TRIAL COURT PROPERLY DENIED MR. BERGSTROM'S MOTION

Mr. Bergstrom persists in arguing that the trial court erred in denying his request that it vacate his three remaining April 2017 convictions.  He claims the invalidity of his simple possession conviction resulting from *Blake* rendered the judgment and sentence void "as to all his 2017 convictions."  Br. of Appellant at 17.  He does not cite a single case that supports this proposition.

Mr. Bergstrom attaches importance to the fact that when a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face.  *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) (citing cases).  The significance of facial invalidity is that the judgment and sentence can be attacked more than a year after it becomes final.  RCW 10.73.090.  But the fact that the *judgment and sentence* suffers a facial invalidity does not render every conviction imposed by the judgment and sentence invalid—and Mr. Bergstrom cites no case that so holds.  Rather, as argued by the State, the appropriate remedy is resentencing to correct any sentences that *are* erroneous or in excess of the court's jurisdiction.  *See In re Pers. Restraint of Habbitt*, 96 Wn.2d 500, 502, 636 P.2d 1098 (1981); *State v. Loux*, 69 Wn.2d 855, 858, 420 P.2d 693 (1966), *overruled by State v. Moen*, 129 Wn.2d 535, 919 P.2d 69 (1996).

Mr. Bergstrom cites cases that he implies hold that the invalidity of one conviction imposed in an indivisible multiple count plea deal invalidates the other convictions.  But the cases he cites deal with the right to *withdraw* the indivisible plea in such cases.  Br. of

9

Appellant at 23; *see State v. King*, 165 Wn. App. 234, 237, 253 P.3d 120 (2011)

(reviewing denial of motion to withdraw plea); *State v. Bisson*, 156 Wn.2d 507, 515, 130

P.3d 820 (2006) (reviewing CrR 7.8 motion seeking to withdraw a guilty plea); *State v.*

*Turley*, 149 Wn.2d 395, 69 P.3d 338 (2003) (same).

"[I]f a party does not provide a citation to support an asserted proposition, courts

may 'assume that counsel, after diligent search, has found [no supporting authority].'"

*State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017) (second alteration in

original) (internal quotation marks omitted) (quoting *State v. Young*, 89 Wn.2d 613, 625,

574 P.2d 1171 (1978) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126,

372 P.2d 193 (1962))). And as the trial court put it bluntly, the proposition that if a plea

of guilty to one charge proves invalid, the party's plea to other charges are invalid,

"makes no logical sense." RP at 46. The trial court did not err in holding that *Blake*'s

invalidation of Mr. Bergstrom's simple possession conviction did not result in the

invalidity of the remaining April 2017 convictions.

II.     RESENTENCING IS REQUIRED TO MAKE CORRECTIONS TO THE SECOND JUDGMENT
        AND SENTENCE, BUT THAT DOES NOT RENDER MR. BERGSTROM'S PLEAS INVALID

As the trial court pointed out after entering the order vacating Mr. Bergstrom's

simple possession conviction, "he also needs to be resentenced at some point then on the

other matters because it would affect points, I would assume." RP at 36. The trial court

gave Mr. Bergstrom the option of going forward with resentencing, but Mr. Bergstrom

10

preferred to first take his appeal, and suggested the possibility that if unsuccessful, he would seek to withdraw his guilty plea.

The State no longer contends that Mr. Bergstrom's offender score for the second sentencing is unchanged. It agrees that resentencing should take place.[2]

Here again, Mr. Bergstrom provides no legal authority that the effect of the invalidation of his simple possession conviction is to invalidate his guilty pleas to the other three counts. We will remand for resentencing.

III.   IT WAS NOT MANIFEST CONSTITUTIONAL ERROR TO FAIL TO AUTHORIZE A PLEA WITHDRAWAL THAT WAS NOT REQUESTED, AND THE RECORD IS INSUFFICIENT TO ADDRESS SUCH A REQUEST ON APPEAL

Finally, Mr. Bergstrom argues for the first time on appeal that he is entitled to withdraw his plea of guilty to the three remaining convictions because he was incorrectly advised of the offender score and corresponding sentencing range. He was not misled about then-existing facts; it is more accurate to say that no one foresaw the 2021 decision in *Blake*. *Cf. United States v. Roque*, 421 F.3d 118, 122 (2d Cir. 2005) (guilty plea entered under mistaken belief that sentencing guidelines were mandatory was not rendered unknowing or involuntary by virtue of United States Supreme Court's subsequent determination that they were advisory).

---

[2] The State contends it *was* error for the trial court not to proceed with resentencing over Mr. Bergstrom's objection, but it was invited error. It does not cite authority that a court must resentence a defendant who believes he is entitled to a different remedy, and who rejects resentencing, however. We are unpersuaded that the court erred.

Importantly, in the trial court, Mr. Bergstrom scrupulously avoided asking to withdraw his guilty pleas. Appellate counsel nevertheless argues that he may raise this "error" for the first time on appeal because it is a manifest error affecting a constitutional right. Br. of Appellant at 27 (relying on *State v. Walsh*, 143 Wn.2d 1, 7-8, 17 P.3d 591 (2001)).

The requirement that a constitutional error be "manifest" before it can be raised for the first time on appeal is a requirement that

> it must be "truly of constitutional magnitude". [*State v. *]*Scott*, 110 W[n].2d [682,] 688, 757 P.2d 492 [1988]. The defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights; it is this showing of actual prejudice that makes the error "manifest", allowing appellate review.

*State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

*Walsh* is distinguishable from this case in important respects. It was a direct appeal from the sentencing itself, so Walsh was not required to satisfy the actual and substantial prejudice standard that applies to Mr. Bergstrom's collateral attack. *E.g.*, *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 316 P.3d 1007 (2014). And the problem with information provided to Walsh was clear: he told the court in entering his plea that he understood the standard range he faced was 86 to 114 months and the State would recommend a sentence of 86 months. Instead, at sentencing, the court was informed that the standard range was 95 to 125 months and the State recommended a sentence of 95 months. Finally, while Walsh had not filed a motion to withdraw his guilty plea before

pursuing withdrawal as a remedy on appeal, he had not explicitly stated in proceedings below that he was *not* seeking to withdraw his plea.

In this collateral attack, Mr. Bergstrom is required to demonstrate actual and substantial prejudice. "Prejudice at the guilty plea stage means that the defendant would more likely than not have refused to plead guilty and would have insisted on going to trial." *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). Mr. Bergstrom offered no argument on that score in the trial court, nor did he address it in his opening brief. The State's response points to a number of risks he faced had he gone to trial,[3] but the record is otherwise inadequate to address the issue.

Finally, in a case where Mr. Bergstrom explicitly told the court that he was *not* seeking to withdraw his pleas as involuntary, the alleged error cannot fairly be characterized as "manifest." For these reasons, we hold that if Mr. Bergstrom wishes to withdraw his plea, he will need to address his request to the trial court.

---

[3] The State points out that among advantages Mr. Bergstrom obtained from the plea agreement were pleading first to the offense with the highest seriousness level with an offender score of 0; avoiding conviction of two firearm offenses that would have been served consecutively; and securing the State's agreement not to offer proof of the comparability of his out-of-state criminal history, which could have materially increased his offender score.

13

No. 38514-1-III
*State v. Bergstrom*


We remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, C.J.

WE CONCUR:


Fearing, J.


Lawrence-Berrey, J.